IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DERRICK ERVIN,

      Petitioner,

v.                                                                     CV 19-1218 KG/JHR

JAMES JANECKA, et al.,

      Respondents.

# ORDER GRANTING EXTENSION OF TIME AND DENYING APPOINTMENT OF COUNSEL

THIS MATTER comes before the Court on Petitioner Derrick Ervin's Motion to Appoint Counsel [Doc. 12], filed September 3, 2020, and Petitioner's Motion for Extension of Time [Doc. 15] filed November 2, 2020. Having thoroughly reviewed the parties' submissions and the relevant law, the Court grants Petitioner's Motion for Extension of Time and denies Petitioner's Motion to Appoint Counsel.

    **I.**        **Petitioner's Motion for Extension of Time [Doc. 15]:**

On September 3, 2020, Petitioner filed the Motion to Appoint counsel currently before the Court. [Doc. 12]. Respondents responded on September 4, 2020. [Doc. 13]. Petitioner filed a reply on November 2, 2020. [Doc. 14]. Concurrently, Petitioner filed a Motion for Extension of Time to file his reply. [Doc. 15]. To date, Respondents have not filed a response to the Motion for Extension of Time. Under Local Rule 7.1(b), the failure to file a response in opposition to a motion constitutes consent to grant the motion. D.N.M.LR-Civ 7.1(b). In the interest of justice and pursuant to Local Rule 7.1(b), the Court grants Petitioner's Motion for Extension of Time and will consider Petitioner's reply on merits.

II.     **Petitioner's Motion to Appoint Counsel [Doc. 12]:**

There is no Sixth Amendment right to appointed counsel in a federal habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But counsel may be appointed when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel, the following factors should be considered: the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Based on an initial review of the record, Petitioner appears to understand the issues in the case and to be representing himself in an intelligent and capable matter. Therefore, the interests of justice do not require the appointment of counsel at this time, and the Court will consider the appointment of counsel if it later appears warranted. Accordingly, the Court denies the Motion for appointment of counsel.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Extension of Time [Doc. 15] is Granted, and that Petitioner's Motion for Appointment of Counsel [Doc. 12] is Denied.

Petitioner may file a reply to Respondents' answer [Doc. 10] regarding the underlying petition [Doc. 1] on or before February 26, 2021.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE