IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DERRICK V. ERVIN,

        Petitioner,

v.                                                                                  CV 19-1218 KG/JHR

DWAYNE SANTISTEVAN, Warden, and
HECTOR H. BALERAS, Attorney General
for the State of New Mexico,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITIONS

THIS MATTER comes before the Court on Petitioner Derrick Ervin's habeas corpus petition under 28 U.S.C. § 2254 [Doc. 1], filed December 30, 2019. Pursuant to 28 U.S.C. § 636(b), presiding District Judge Kenneth J. Gonzales referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 6]. Having thoroughly reviewed the parties' submissions and the relevant law, I recommend the Court dismiss Ervin's petition with prejudice.

    **I.**    **BACKGROUND**

Ervin was convicted after a jury trial by the State of New Mexico of multiple crimes including sex offenses involving minors. [Doc. 1, pp. 1-2]. After a partially successful direct appeal and a partially successful state habeas proceeding, Ervin is currently serving twenty-seven (27) years for (i) one count of first-degree criminal sexual penetration of a minor ("CSPM"); (ii) three counts of third-degree criminal sexual contact of a minor ("CSCM"); (iii) one count of third-degree tampering with evidence; (iv) fourteen counts of second-degree sexual exploitation of a child

1

(manufacturing); and (v) one count of fourth-degree sexual exploitation of children (possession). [Doc. 10-1, pp. 44-49; *see also* Doc. 10-1, pp. 246-47, 249, 411-12].

Ervin filed the § 2254 petition currently before the Court on December 30, 2019, raising claims of ineffective assistance of counsel and insufficient indictment.[1] [Doc. 1, pp. 5-9].

### a. Ineffective Assistance of Counsel

For the ineffective assistance of counsel claim, Ervin states that his trial attorney was deficient by failing to cross-examine "the State's Key witness" in a video deposition held three days before trial. [Doc. 1, p. 5]. That testimony was the sole evidence supporting his first-degree CSPM charge, according to Ervin. [*Id.*; *see also* Doc. 10, p. 2]. He also argues that counsel's error prevented rebuttal evidence from being heard by the jury. [Doc. 1, p. 6].

Ervin raised the same ineffective assistance claim in the state habeas proceedings, prompting two evidentiary hearings. [*See* Doc. 1, pp. 17-32]. In the original trial, the "key witness" made only one general statement about the facts supporting the CSPM charge. [*Id.*, p. 23]. In the habeas proceedings, Ervin's trial counsel Mr. Garrett testified that he strategically decided not to cross-examine the "key witness" because he did not want to invite more testimony relating to Mr. Ervin's CSPM charge. [*Id.*]. Mr. Garrett thought that the direct testimony was the least damaging that they were going to get. [*Id.*]. Mr. Garrett hoped that the jury would find the testimony insufficient to support a CSPM charge and, based on prior experiences with the Ninth Judicial District judges, the trial judge would allow impeachment testimony on fairness grounds. [*Id.*, pp. 23-25].

---

[1] Even though Ervin labels ground two for federal habeas relief "double jeopardy," he possibly raises both double jeopardy and adequate notice claims arising from his indictment. *See infra* pp. 9-10. For this reason, I will characterize Ervin's ground two as "insufficient indictment."

In the same state habeas proceeding, Ervin's mother, Rita Ervin, testified that the "key witness" told her that Ervin "didn't." [Doc. 1, p. 21]. Ms. Ervin said the "key witness" did not further explain that statement. [*Id.*]. Ervin testified that he wanted his mother, father and wife to testify at trial but only his mother actually took the stand. [*Id.*, p. 22].

The state court denied habeas relief, finding that "Mr. Garrett's decisions related to the decision not to conduct a cross examination of the ["key witness"] were tactical/strategic decision", [Doc. 1, pp. 25-26], and Ervin "failed to show, but for counsel's 'error,' there is a reasonable probability that the result of the conviction proceedings would have been different." [*Id.*, at 30].

### b. Insufficient Indictment

As for the insufficient indictment claim, Ervin was charged with fourteen identically-worded counts of second-degree sexual exploitation of a child (by manufacturing). [Doc. 10-1, pp. 25-29]. Ervin argues that it is impossible to determine which evidence supports each of his charges and whether the jury verdicts were unanimous because the State used "[m]ultiple, undifferentiated, carbon copy counts." [Doc. 1, p. 8]. Ervin also asks the Court to "[c]ondense the multiple counts of criminal sexual exploitation (manufacture) to one count in order to cure double jeopardy defects." [Doc. 1, p. 16].

Respondents answered on August 20, 2020, arguing for dismissal of the petition with prejudice under the standards of 28 U.S.C. § 2254(d) and (e), and denial of a certificate of appealability. [Doc. 10, p. 1]. Ervin replied on March 1, 2021, arguing his entitlement to an evidentiary hearing in federal court. [Doc. 18].

## II. ANALYSIS

### a. Standard of Review

Under 28 U.S.C. § 2254, a federal court may only grant a state prisoner's petition for a writ of habeas corpus where the prisoner is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to § 2254(d), when the prisoner's claims have been "adjudicated on the merits in State court proceedings," such a petition can only be granted if the state court's decision was contrary to, or unreasonably applies, "clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision "unreasonably applies" clearly established federal law if "there was no reasonable basis" for the state court's decision. *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011); *see also Bell*, 535 U.S. at 694 ("[A]n unreasonable application is different from an incorrect one.").

I will consider Ervin's federal petition in light of the foregoing standards.

### b. Ineffective Assistance of Counsel Claim

Under *Strickland v. Washington*, a petitioner must prove two elements to establish a claim of ineffective assistance of counsel. 466 U.S. 668, 687 (1984). First, the petitioner must show that counsel's performance was deficient. *Id.* Second, the petitioner must show that the deficient performance prejudiced the defense. *Id.*

The performance inquiry is whether counsel's assistance was reasonable considering all the circumstances. *Strickland*, 466 U.S. at 688. The court must judge the reasonableness of counsel's challenged conduct within the facts of the particular case. *Id.* at 690. "Recognizing the 'tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence,' the Court established that counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen*, 563 U.S. at 189 (citing *Strickland*, 466 U.S. at 690) (alteration in original).

In addition to deficient performance, the petitioner must affirmatively prove prejudice. *Strickland*, 466 U.S. at 693. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen*, 563 U.S. at 189 (citing *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

If the state court adjudicated ineffective assistance claims on the merits, a federal court's review of the state court's decision is "doubly deferential." *Cullen*, 563 U.S. at 190 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). The Court takes "a 'highly deferential' look at counsel's performance through the 'deferential lens of § 2254(d)." *Id.* Under the doubly deferential standard, the petitioner must demonstrate that "it was necessarily unreasonable for the [state court] to conclude: (1) that he had not overcome the strong presumption of competence; and (2) that he was not prejudiced." *Id.* at 190, 198.

On the record outlined above, it is indisputable that the state court adjudicated Ervin's ineffective assistance claim on the merits and, therefore, the doubly deferential standard applies. *See Cullen*, 563 U.S. at 190.

### i) Deficient Performance

Under the doubly deferential standard, Ervin must demonstrate that it was necessarily unreasonable for the state court to conclude that he had not overcome the strong presumption of competence. *Cullen*, 563 U.S. at 190. Ervin contends that Mr. Garrett was ineffective by failing to cross-examine the "key witness" and this error also prevented rebuttal evidence from being heard by the jury. [Doc. 1, pp. 5-6]. The "key witness" made a single general statement about the facts supporting the CSPM charge. [*Id.*, p. 23].

An unreasonable application of federal law is distinct from an incorrect one. *Bell*, 535 U.S. at 694. A state court only "unreasonably applies" federal law if "there was no reasonable basis" for the state court's decision. *Cullen*, 563 U.S. at 188. It was not an unreasonable application of *Strickland* for the state court to conclude that Mr. Garrett reasonably believed the jury might conclude that one general statement was insufficient to prove the CSPM charge and that Mr. Garrett reasonably chose to forego cross-examination to avoid inviting additional evidence supporting the charge. Nor was it an unreasonable application of *Strickland* for the state court to conclude that Mr. Garrett, experienced with the Ninth Judicial District judges, reasonably believed the trial judge might allow rebuttal testimony based on fairness even though he chose not to cross-examine the "key witness."

### ii) Prejudice

Even if deficient performance were assumed *arguendo*, Ervin must show that the state court unreasonably concluded that he was not prejudiced. *See Cullen*, 563 U.S. at 197-98. Ervin does not explain how he intends to cross-examine the "key witness" or what rebuttal evidence he intends to provide. He offers no reason why the state court's conclusion that he was not prejudiced was unreasonable. Were Ervin permitted to cross-examine the "key witness" and examine his

father and wife on his behalf, it was not an unreasonable application of *Strickland* to conclude that a different result was not substantially likely, particularly without knowing what the "key witness" meant by saying Ervin "didn't". Under the doubly deferential standard, Ervin has failed to show that the state court unreasonably concluded that he was not prejudiced.

For the above reasons, Ervin's federal ineffective assistance claim should be denied.

### c. Evidentiary Hearing Regarding Ineffective Assistance Claim

In his reply, Ervin requests an evidentiary hearing on his claims. [*See* Doc. 18, p. 2]. However, if the state court adjudicated a claim on the merits, review under § 2254(d)(1) is limited to the state court record. *Cullen*, 563 U.S. at 181. If, under those circumstances, the state court record precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* at 183 (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)).[2]

Here, the state court adjudicated Ervin's ineffective assistance claim on the merits, and for the reasons explained above, the state court's record precludes habeas relief under the limitations of § 2254(d). Therefore, the Court is not required to hold an evidentiary hearing and the undersigned declines to do so.

### d. Deficient Indictment

The sufficiency of an indictment is measured by two criteria: adequate notice and protection against double jeopardy. *Russell v. U.S.*, 369 U.S. 749, 763-64 (1962); *see e.g. Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005).

---

[2] Citing *Townsend v. Sain*, 372 U.S. 293 (1963), Ervin argues that he is entitled to an evidentiary hearing because he alleges facts, if proved, would entitle him to relief, and that the state court trier of fact has not reliably found the relevant facts after a full and fair hearing. [Doc. 18, p. 2]. However, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") since *Townsend* and placed more restrictions on the power of federal courts to grant writs of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). Specifically, the Supreme Court held that § 2254(d)(1) is limited to the state court record, and when the state court record precludes habeas relief under § 2254(d), a district court is not required to hold an evidentiary hearing. *Cullen*, 563 U.S. at 181-83.

### i) Applicability of 2254(d)

Before addressing the merits of Ervin's claim, the Court must first address whether § 2254(d) applies to Ervin's deficient indictment claim. In the Tenth Circuit, when a state court issues a summary decision which does not articulate a reasoned application of federal law, the court should still defer to the state court's result for § 2254(d) purposes. *Brown v. Sirmons*, 515 F.3d 1072, 1087 (10th Cir. 2008) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). For example, in *Gipson v. Jordan*, the petitioner argued that the state court's summary dismissal did not adjudicate his issue of improper prosecutorial comments on the merits. 376 F.3d 1193, 1196 (10th Cir. 2004) (citing *Aycox*, 196 F.3d at 1177)). The *Gipson* court held to the contrary: the state court's decision was an "adjudication on the merits" even though its reasoning was not expressly stated because the petitioner presented his arguments on improper prosecutorial comments to the state court and the state court upheld the sentence. *Id.* The *Gipson* court held that if there is no indication the state court did *not* reach the merits of a claim, the state court reaches a decision "on the merits" for § 2254 purposes. *Id.* (emphasis in original).

Ervin raised his deficient indictment issue before the New Mexico Supreme Court [Doc. 1, p. 9; Doc. 10-1, pp, 382-84], which affirmed Ervin's fourteen convictions for second-degree sexual exploitation of a child (manufacturing) without expressly stating its reasoning. [Doc. 1, pp. 33-34]. There is no indication that the state court did not reach the merits of Ervin's claim. Therefore, the state court adjudicated Ervin's deficient indictment claim on the merits and § 2254(d) applies.

### ii) Adequate Notice

The first *Russell* criterion is "adequate notice", specifically, "whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." 369 U.S. at 763 (internal citation omitted). In *Valentine*, the

court held that the petitioner lacked adequate notice because the petitioner was charged with two sets of twenty counts with no distinction between the sets. 395 F.3d at 632.

Ervin was charged with fourteen identically-stated counts of second-degree sexual exploitation of a child (manufacturing), [Doc. 10-1, pp. 25-29] and now argues that "[m]ultiple, undifferentiated, carbon copy counts have made it impossible to determine which charged offenses were linked to which pieces of supporting evidence. It is not only unclear which evidence was used to convict or acquit on some count, but also whether not the jury's decision to convict on any count was reached with a[n] [sic] unanimous verdict." [Doc. 1, p. 8]. Even though Ervin labels his second ground for federal habeas relief "double jeopardy," he articulates a claim of inadequate notice. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (liberal construction of pro se pleadings).

An indictment with notice deficiencies can be cured if the petitioner has adequate actual notice of the charges. *See Parks v. Hargett*, No. 98-7068, 1999 WL 157431, at *3 (10th Cir. Mar. 23, 1999). The *Parks* court held that the deficiencies, if any, were cured at the preliminary hearing where petitioner received actual notice of the name and identity of the victim and that he was charged with three separate incidents of molestation, in a bedroom, in a hot tub, and in a bathroom of his home. *Id*.

In Ervin's case, even if deficient, the indictment was cured through adequate actual notice. New Mexico's unit of prosecution for sexual exploitation of a child by manufacturing child pornography is each different photograph. *See State v. Leeson*, 2011-NMCA-068, ¶ 17, 149 N.M. 823. Ervin's prosecution introduced thirteen distinct photographs and his wife testified to seeing more than thirteen different sexual photographs of children on Ervin's computer during the charged timespan (between October 2001 and December 2003). [*See* Doc. 10-1, pp. 247-49]. On

9

that record, it was not an unreasonable application of *Russell* for the state court to conclude that Ervin had adequate actual notice, irrespective of any potential indictment notice problems, of the basis of each charge corresponding to the separate photographs plus his wife's testimony. Because the state court's application of federal law was objectively reasonable, the Court must defer to its conclusion that Ervin had adequate notice of each charge of sexual exploitation of a child by manufacturing.

### iii) Double Jeopardy

The second *Russell* criterion protects the petitioner against double jeopardy by ensuring "in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." 369 U.S. at 764. Notably, *Russell* directs attention to the record rather than only the indictment. *See id.* In *Valentine*, a grand jury charged the petitioner with twenty counts of child rape and twenty counts of felonious sexual penetration of a minor. 395 F.3d at 629. No information was included to differentiate one rape count from another nor one felonious sexual penetration count from another. *Id.* The petitioner was prosecuted and convicted for a generic pattern of abuse rather than for forty separate abusive incidents. *Id.* at 634. Only the victim testified as to the number of assaults committed, and she testified to "about twenty," "about fifteen," and "about ten" occasions of alleged abuse.[3] *Id.* at 629. The *Valentine* court held that the petitioner was denied his protection from double jeopardy because there was no specificity regarding the factual offenses the petitioner alleged committed. 395 F.3d at 635.

Unlike the generic showing in *Valentine*, Ervin's fourteen convictions are supported by thirteen separate photographs introduced at trial and, for the fourteenth count, his wife's testimony

---

[3] Additionally, the victim altered her numbers somewhat during cross-examination. *Valentine*, 395 F.3d at 629.

establishing that his computer had additional similar photographs. [*See* Doc. 10-1, pp. 247-49]. New Mexico's unit of prosecution for sexual exploitation of a child by manufacturing child pornography is each different photograph. *See Leeson*, 2011-NMCA-068, ¶ 17. It was not an unreasonable application of *Russell* for the state court to conclude that the separate photographs and Ervin's wife's testimony adequately protect Ervin from future prosecution for the same photographs or any additional photographs seen on his computer at the time. Nor was it an unreasonable application of *Russell* for the state court to conclude that Ervin was not being punished multiple times for same offense given the evidence and New Mexico's unit of prosecution. Because the state court's application of federal law was objectively reasonable, the Court must defer to its conclusion that Ervin was not denied his protection from double jeopardy.

For the above reasons, the state court record precludes habeas relief on Ervin's deficient indictment claim under the limitations of § 2254(d).

### e. Evidentiary Hearing Regarding Deficient Indictment Claim

As discussed above, if § 2254(d) applies and the state court record precludes habeas relief, then the court is not required to conduct an evidentiary hearing. *See Cullen*, 563 U.S. at 183. § 2254(d) applies to Ervin's deficient indictment claim and the state court record precludes habeas relief. Therefore, the Court is not required to conduct an evidentiary hearing on this claim and the undersigned declines to do so.

## III. RECOMMENDATION

For the above reasons, I **recommend** that the Court **DISMISS** Ervin's petition with prejudice because the state court record precludes habeas relief on Ervin's claims of ineffective assistance of counsel and insufficient indictment under the limitations of § 2254(d).

To obtain a certificate of appealability ("COA"), a state prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the prisoner to "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because reasonable jurists could not debate that the state court record precludes relief in this case, **I further recommend** that a certificate of appealability be **DENIED**.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**