IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DERRICK V. ERVIN,

        Petitioner,

v.                                            No. 2:19-cv-1218-KG-JHR

DWAYNE SANTISTEVAN, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

        Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") of U.S. Magistrate Judge Jerry H. Ritter [Doc. 20], entered at the undersigned's request pursuant to 28 U.S.C. § 636(b). [*See* Doc. 6]. In the PFRD, Magistrate Judge Ritter recommends that the Court dismiss Petitioner Derrick V. Ervin's habeas corpus petition under 28 U.S.C. § 2254 with prejudice. [Doc. 20, p. 11]. Ervin timely objected. [*See* Docs. 23, 24]. Having considered the objections and pertinent authority, the Court overrules the objections, adopts the PFRD, and dismisses the petition with prejudice.

**I.**      **BACKGROUND**

Ervin was convicted of multiple crimes including sex offenses involving minors. [Doc. 1, pp. 1-2]. Among the charges, the prosecution charged Ervin with twenty identically-stated counts of second-degree sexual exploitation of a child by manufacturing [Doc. 10-1, pp. 25-29 (*see* counts 8-27)]; the jury acquitted him with respect to six of those charges. [Doc. 10-1, pp. 92-94, 110-112 (not guilty on counts 8-10, 25-27)]. After a partially successful direct appeal and a partially successful state habeas proceeding, Ervin is currently serving twenty-seven (27) years for (i) one

1

count of first-degree criminal sexual penetration of a minor ("CSPM"); (ii) three counts of third-degree criminal sexual contact of a minor ("CSCM"); (iii) one count of third-degree tampering with evidence; (iv) fourteen counts of second-degree sexual exploitation of children by manufacturing; and (v) one count of fourth-degree sexual exploitation of children by possession. [Doc. 10-1, pp. 44-59; *see also* Doc. 10-1, 246-47, 249, 411-12].

Ervin filed his federal habeas petition on December 30, 2019, raising claims of ineffective assistance of counsel and insufficient indictment. [Doc. 1]. After briefing, Magistrate Judge Ritter recommends that the Court dismiss the petition with prejudice because (1) under the doubly deferential standard, it was not unreasonable for the state court to conclude that counsel's decision to forego cross-examination was tactical since the "key witness" (the alleged victim) made only one general statement; (2) had cross-examination taken place, a different result was not substantially likely, particularly without knowing what the "key witness" meant when she said Ervin "didn't" in a statement to Ervin's mother; (3) the indictment, if initially deficient in its explanation of the manufacture of child pornography counts, was cured when the prosecution introduced distinct photographs and then had Ervin's wife testify to seeing additional sexual photographs distinct from those introduced at trial; and (4) it was not an unreasonable application of *Russell*[1] for the state court to conclude that the record of separate photographs along with Ervin's wife's testimony adequately protects him from future prosecution for the same photographs or any additional photographs that may have been the basis for these charges. [*See generally* Doc. 20].

Ervin timely objected on December 2, 2021. [Doc. 24]. Respondents responded on December 14, 2021, and Ervin replied on January 3, 2022. [Docs. 25, 26].

---

[1] *Russell v. United States*, 369 U.S. 749 (1962).

2

## II.     STANDARD OF REVIEW

District Judges may refer dispositive motions to Magistrate Judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). To preserve an issue for review, a party's objections must be "both timely and specific." *United States. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

In reviewing such objections, the district judge must "make a *de novo* determination of those portions of the [PFRD] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). While the district judge must conduct a *de novo* review of the record, no specific findings are required, and the Court may place whatever reliance it chooses on the magistrate judge's recommendation. *See Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.") (quoted authority omitted).

## III.    ERVIN'S OBJECTIONS

For clarity, the Court will address Ervin's objections in the order they appear in the PFRD.

### a. Ineffective Assistance of Counsel

In the objections, Ervin states "[i]n conjunction with the findings of the New Mexico State Public Defender . . . I continue the argument while adding the following:" that trial counsel does not know (1) cunnilingus is sufficient to support a first-degree criminal sexual penetration of a minor ("CSPM") charge nor (2) cross-examination is required to introduce the exculpatory testimony. [Doc. 24, pp. 5-6].

In the original petition, Ervin argued that his counsel was deficient by failing to cross-examine "the State's Key witness" (the alleged victim) in a video deposition that was held three days before trial. [Doc. 1, p. 5]. According to him, the video deposition testimony was the sole evidence supporting his first-degree criminal sexual penetration of a minor ("CSPM") charge. [*Id.*; *see also* Doc. 10, p. 2]. He also argued that counsel's error prevented rebuttal evidence from being heard by the jury. [Doc. 1, pp. 5-6]. In his original petition, Ervin did not assert as an independent ground for relief that his counsel did not know the law.[2] Issues raised for the first time in objections are deemed waived, so to the extent Ervin argues that counsel does not know the law as an independent ground for relief, that ground is deemed waived.[3] *See Marshall*, 75 F.3d at 1426.

Regarding Ervin's argument that counsel failed to cross-examine the "key witness" because he did not know the law; the record reflects that the "key witness" only made a single general material statement about facts supporting the first-degree criminal sexual penetration of a minor ("CSPM") charge. [*See* Doc. 1, p. 23]. The state habeas court held two evidentiary hearings, and Ervin's trial counsel, Michael T. Garrett, testified that he strategically decided not to cross-

---

[2] In the reply, Ervin seems to contend that the documents he produced at the objections stage support his claim that counsel demonstrated ignorance of the law; however, he did not address why these documents were not presented to the Court before objections. [*See* Doc. 26, p. 3 ("I address this issue on pages 13 and 14 of my objection[s] (Doc. 24).").].

[3] Ervin also fails to demonstrate prejudice resulting from this alleged deficiency.

examine the "key witness" because he did not want to invite more testimony relating to Ervin's CSPM charge. [*See id.*, pp. 19, 23]. Garrett thought that the direct testimony was the least damaging that they were going to get. [*Id.*]. He hoped that the jury would find the testimony insufficient to support a CSPM charge. [*Id.*, pp. 23-25]. Based on all the evidence, the state court denied habeas relief, finding that "Mr. Garrett's decisions related to the decision not to conduct a cross examination of the ['key witness'] . . . were tactical/strategic decisions." [Doc. 1, pp. 25-26].

For effective assistance of counsel claims, a petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the state court adjudicated the petitioner's ineffective assistance claims on the merits, a federal habeas court's review is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (internal citation omitted). Under the doubly deferential standard, the petitioner must demonstrate that "it was necessarily unreasonable for the [state court] to conclude: (1) that he had not overcome the strong presumption of competence; and (2) that he was not prejudiced." *Id.* at 190, 198.

It is indisputable that the state court adjudicated the claim on the merits, and so the doubly deferential standard applies. Because the "key witness" only made one general material statement, fairminded jurists could disagree about whether the state court's finding was correct because counsel could reasonably believe that the jury might conclude that a witness' single general statement was insufficient to prove the criminal sexual penetration of a minor charge. Counsel could reasonably choose to forego cross-examination to avoid inviting additional evidence supporting the charge. Applying the doubly deferential standard, to the extent Ervin argues that his counsel failed to cross-examine the "key witness" because he did not know the law, it is

5

overruled because fairminded jurists could disagree about counsel's reasoning to forego cross-examination.[4]

### b. Insufficient Indictment

The sufficiency of an indictment is measured by two criteria: adequate notice and protection against double jeopardy. *Russell v. United States*, 369 U.S. 749, 763-64 (1962).

Among the charges, the prosecution charged Ervin with twenty identically-stated counts of second-degree sexual exploitation of a child by manufacturing. [*See* Doc. 10-1, pp. 25-29]. The jury acquitted Ervin on six of those charges. [Doc. 10-1, pp. 92-94, 110-112]. Ervin's challenge to the sufficiency of the indictment concerns the fourteen charges that resulted in convictions.

### i. Adequate Notice

Regarding notice, Ervin first contends that the indictment was deficient because the jury did not understand the differences between charges. [Doc. 24, p. 3]. He presents an exhibit showing two notes from the jury to the state trial judge, and one of the notes reads "we need to know which exhibit goes with each count --- specifically the [undecipherable] of materials." [*Id.*].

For adequate notice, the issue is "whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." *Russell*, 369 U.S. at 763. The focus of the issue for notice is not what the jury knows but

---

[4] Ervin's general argument that "[i]n conjunction with the findings of the New Mexico State Public Defender . . . I continue the argument" is not a sufficient objection because he does not identify with specificity what he continues to argue. The Court only reviews specific and timely objections, and all other objections are waived. *See* 28 U.S.C. § 636(b)(1)(C). *But see e.g.*, *Pablo v. Social Security Admin.*, No. CIV 11-0132 JB/ACT, 2013 WL 1010401, at *4 (D.N.M. Feb 27, 2013) (unpublished) (reviewing other objections to determine if the PFRD was clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion). Here, the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Therefore, to the extent this objection was raised, the Court overrules it.

rather what Ervin knows. If Ervin had adequate notice,[5] the first *Russell* criterion is satisfied. The Court overrules this objection directed to the jury's knowledge.

In the PFRD, Magistrate Judge Ritter notes that an indictment with notice deficiencies can be cured if the petitioner has adequate actual notice of the charges, citing *Parks v. Hargett*, No. 98-7068, 1999 WL 157431, at * 3 (10th Cir. Mar. 23, 1999) [Doc. 20, p. 9]. Ervin relies on *United States v. Jenkins*, 675 F. Supp. 2d 647 (W.D. Va. 2009) (citing *Russell*, 369 U.S. at 770) to contend that a defective notice cannot be fixed after the fact. [Doc. 24, p. 3].

Ervin raised the insufficient indictment issue before the New Mexico Supreme Court, which affirmed the convictions without expressly stating its reasoning. [*See* Doc. 1, pp. 9, 33-34; Doc. 10-1, pp. 382-84]. There is no indication that the state court did not reach the merits of the claim; the New Mexico Supreme Court's summary decision is therefore deemed "on the merits" for § 2254 purposes. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004); [*see also* Doc. 20, p. 8].

When the petitioner's claims have been adjudicated on the merits in state court, relief is available only if the state court's decision was contrary to, or unreasonably applied, clearly established Federal law, or if it was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). This Court notes that both *Jenkins* and *Parks* are only persuasive and not binding here. In applying the § 2254 deferential standard, this Court concludes it is not an unreasonable application of federal law for the state court to follow *Parks*' rationale instead of *Jenkins* because *Jenkins* is an outside-the-circuit district court case. The Court overrules this objection.[6]

---

[5] Ervin had adequate notice. Judge Ritter explained in the PFRD, that the indictment, if initially deficient in its explanation of manufacture of child pornography counts, was cured when the prosecution introduced distinct photographs and the wife's testimony. [*See* Doc. 20, pp. 9-10]. This Court agrees.

[6] *Jenkins* is not applicable here because the court in that case considered whether the prosecutor can cure the indictment by supplying the indictment's meaning without amendments but did not consider whether the adequate notice criterion in *Russell* can be cured later with actual notice to the defendant. *See* 675 F. Supp. 2d at 653-54.

### ii. Double Jeopardy

Ervin argues his right against double jeopardy was violated, stating he was acquitted of six of the original twenty manufacturing counts and it is unclear whether any acquittals pertained to photographs that were admitted. [Doc. 24, p. 3]. He says "[s]ince we know for a fact that the jurors did not know which exhibits went to which count . . . did one juror use an ex[h]ibit to support a conviction on one count while another juror used the same exhibit to support a conviction on a separate count?" [*Id.*, p. 4]. He argues that because the indictment lacks specific descriptions for each count, he may have been subject to multiple punishments. [*Id.*]. Ervin adds that "[s]ince no one knows which ex[h]it went to which count" there is no way to know whether the jury's verdict on any count is unanimous.[7] [*Id.*].

In the reply, Ervin emphasizes that the issue is not about the unit of prosecution but about the fact that the indictment made it impossible for the jury to know which exhibits go with which count. [Doc. 26, p. 1]. He reiterates that, because the indictment used the same language for each count, the record does not prove jury unanimity or show with accuracy to what extent he may plead a former acquittal or conviction against future prosecution. [*Id.*, p. 2].

As explained above, the sufficiency of an indictment is measured by adequate notice and protection against double jeopardy. *Russell*, 369 U.S. at 763-64. The second *Russell* criterion protects the petitioner against double jeopardy by examining "in case any other proceedings are

---

[7] Ervin did not raise an independent unanimous jury verdict issue in the original petition and only mentioned this issue in one line in support of his double jeopardy claim. [Doc. 1, p. 8, "[i]t is not only unclear . . . whether or not the jury's decision to convict on any count was reached with a unanimous verdict."]. Even though a *pro se* litigant's pleadings are to be construed liberally, it is not the function of the district court to assume the role of advocate for the *pro se* litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because the Court cannot assume the role of advocate, and Ervin only mentioned this in one line in support of his double jeopardy claim, he did not raise an independent Sixth Amendment unanimous jury verdict issue in the original petition. To the extent an independent jury verdict issue is raised on the objections, it is deemed waived. *See Marshall*, 75 F.3d at 1426 (Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.).

taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *Id.* at 764. Notably, *Russell* directs attention to the record rather than only the indictment. *See id.*

As noted, Ervin raised this issue to the New Mexico Supreme Court, whose summary decision is deemed "on the merits" for § 2254 purposes. [*See supra* p. 7]. After considering the entire record and applying the § 2254 deferential standard[8], this Court concludes there are reasonable bases for the state court to conclude that Ervin was not punished multiple times for the same offense. Specifically, Ervin was convicted of fourteen counts of manufacturing child pornography based on evidence he created at least fourteen photographs, each of which was child pornography. The record includes (1) thirteen distinct photographs supporting thirteen separate manufacturing counts (given New Mexico's unit of prosecution for sexual exploitation of a child by manufacturing is each different photograph, *see State v. Leeson*, 2011-NMCA-068, ¶ 17, 149 N.M. 823), and (2) Ervin's wife's testimony was sufficient for the jury to find that Ervin created at least one additional and distinct photograph that she saw on his computer. [*See* Doc. 10-1, pp. 247-49].

There are also reasonable bases for the state court to conclude that Ervin is adequately protected from future prosecution for the photographs introduced into evidence or any additional photographs that were on his computer at the time that his wife observed them, according to her testimony.

This Court applies the § 2254 deferential standard and considers whether the state court's decision was contrary to, or unreasonably applied, clearly established federal law. It is not an

---

[8] As explained above, when the petitioner's claims have been adjudicated on the merits in state court, relief is available only if the state court's decision was contrary to, or unreasonably applied, clearly established Federal law, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

unreasonable application of *Russell* for the state court to conclude that Ervin was not being punished multiple times for any of his fourteen identically-stated manufacturing counts considering the thirteen distinct photographs and his wife's testimony. Therefore Ervin is not entitled to relief under *Russell* criterion two --- double jeopardy. Ervin's objection claiming double jeopardy is overruled.

## IV. CONCLUSION

For the above reasons, the Court hereby:

1) **overrules** Ervin's objections [Doc. 24];

2) **adopts** Magistrate Judge Ritter's PFRD [Doc. 20];

3) **dismisses** Ervin's habeas corpus petition under 28 U.S.C. § 2254 [Doc. 1] with prejudice; and

4) **denies** issuing a certificate of appealability because reasonable jurists would not reach a different result.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE